# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DANIEL LEROY YANNA,

      Petitioner,

                                        CASE NO. 2:11-12667
                                        HONORABLE PAUL D. BORMAN
v.                                      UNITED STATES DISTRICT JUDGE

LINDA TRIBLEY,

      Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Daniel Leroy Yanna, ("petitioner"), formally confined at the Saginaw Correctional

Facility in Freeland, Michigan, until his discharge on May 15, 2013, seeks the issuance of a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. [1]  In his *pro se* application, petitioner challenges

his convictions of carrying a weapon with unlawful intent, Mich.Comp.Laws § 750.226;

felony-firearm, Mich.Comp.Laws § 750.227b; and felon in possession of a firearm,

Mich.Comp.Laws § 750. 224f.  For the reasons stated below, the application for a writ of habeas

---

[1]  The Michigan Department of Corrections' [M.D.O.C.] Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, See *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821, n. 3 (E.D.Mich.2004), indicates that petitioner was discharged from his sentence on May 15, 2013 and is no longer in custody. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. See *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir.1984).  Because petitioner was in prison at the time he filed his petition, he satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), in spite of his subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his or her habeas application. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

corpus is DENIED WITH PREJUDICE.

## I.  BACKGROUND

Petitioner was originally charged with 15 weapons offenses, 13 of which were either being a felon in possession of a firearm or committing a felony with a firearm.  The two other charges were assault with a dangerous weapon and carrying with unlawful intent.  He was also charged with being a habitual third offender in the Tuscola County Circuit Court.  The trial court utilized the police report when taking petitioner's plea and during sentencing.  At sentencing, the court also considered the victim impact statement, from Miss Erica Yanna, where the victim stated that she feared for her life. (Tr. 8/24/2009, p. 8).

On June 8, 2009, petitioner pleaded *nolo contendere* to carrying a weapon with unlawful intent, felon in possession of firearm, and felony-firearm with a six month cap on the minimum sentence for the first two counts and a two-year consecutive sentence on the felony firearm. In exchange for this plea, the Tuscola County Prosecutor agreed to dismiss the remaining 12 weapon offense charges.  (Tr. 6/8/2009, p. 3). [2]  The judge advised petitioner about the maximum penalties for the crimes that he was pleading *nolo contendere* to and asked petitioner if he understood the rights outlined in the form signed in the presence of his attorney that he would waive by pleading *nolo contendere*.  Petitioner indicated that he understood these rights and was pleading *nolo contendere* freely and voluntarily, that he was not threatened nor promised anything in return for his plea.  (*Id.,* pp. 6-9).  A police report and avoidance of liability in connection with his divorce proceedings provided the factual basis for the *nolo contendere* plea. (*Id.,* p. 9).

---

[2]  The plea transcript can be found at this Court's docket entry # 2.

Petitioner was sentenced on August 24, 2009 to concurrent terms of 6 months to 10 years for carrying a weapon with unlawful intent and felon in possession of a firearm. He was also sentenced to a consecutive term of two years for the felony-firearm conviction.

Petitioner's conviction was affirmed on appeal. *People v. Yanna,* No. 299761 (Mich.Ct.App. Dec. 1, 2010), *lv. den.* 489 Mich. 898; 796 N.W. 2d 83 (2011).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. The court made a substantive mistake when it convicted Mr. Yanna of felony firearm and possession of a firearm by a felon. Mr. Yanna had performed all of the provisions in MCL 750.224(f)(1)(a)(b) and (c) in order to be eligible to own or possess firearm, appellant's prior conviction was such that his right to possess a firearm was reinstated by the passage of three years.

II. There was insufficient evidence to charge and convict appellant of felon in possession of a firearm, where more than three years had elapsed after completion of a probation fro [sic] breaking and entering a building, which does not meet 'specified felony' requirements under the statute.

III. Mr. Yanna was denied effective assistance of counsel because counsel failed to move for dismissal.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

3

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree

4

that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

In the present case, the Michigan Court of Appeals denied petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not

5

require that there be an opinion from the state court that explains the state court's reasoning. *Harrington,* 131 S. Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, " it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785. In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order. *See Hardaway v. Robinson*, 655 F.3d 445, 447, 449 n. 1 (6th Cir. 2011)(relying on *Harrington* in stating that § 2254(d) applies when "[t]he Michigan Court of Appeals upheld the district court's ruling in an order stating, 'the delayed application for leave to appeal is denied, for lack of merit in the grounds presented'" and "[t]he Michigan Supreme Court, also in a one-sentence order, declined review").

## III. DISCUSSION

The Court will discuss petitioner's claims together for judicial economy. In his first and second claims, petitioner alleges that the court made a mistake when it convicted petitioner of felony firearm and possession of a firearm by a felon. More specifically, petitioner alleges that there was insufficient evidence to convict him of being a felon in possession of a firearm, because his right to own a firearm was reinstated by the passage of three years and he was thus

permitted under Michigan law to lawfully possess or carry a firearm.  In his third claim, petitioner contends that his trial counsel was ineffective for failing to move for the dismissal of the felon in possession of a firearm charges on this basis.

At the outset, petitioner has no federal constitutional right or absolute right under state law to withdraw his *nolo contendere* plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007)(internal citations omitted).   Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or *nolo contendere* plea is discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

A guilty or *nolo contendere* plea that is entered in state court must be voluntarily and intelligently made. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005)(citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty or *nolo contendere* to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991); *Shanks,* 387 F. Supp. 2d at 749.  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these

findings by the state court. *Id.*  A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *Shanks,* 387 F. Supp. 2d at 749.  Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *Id.*

However, there is no federal constitutional requirement that a factual basis be established to support a guilty or *nolo contendere* plea. See *Roddy v. Black*, 516 F. 2d 1380, 1385 (6th Cir. 1975); See also *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (2001).  Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty or *nolo contendere* plea. *Holtgrieve*, 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F. 3d 107, 111 (6th Cir. 1995).  To the extent that petitioner is claiming that the trial court failed to establish a sufficient factual basis to support his *nolo contendere* plea, this would not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty or *nolo contendere* plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive*, 174 F. Supp. 2d at 583.

In the present case, petitioner was advised of the penalties for carrying a weapon with unlawful intent, felon in possession of a firearm, and felony-firearm.  Petitioner informed the

8

judge that he understood the penalties for the crimes and was pleading *nolo contendere* to these offenses freely and voluntarily, that he had not been threatened nor promised anything in exchange for his plea. (Tr. June 8, 2009, p. 8). Petitioner requested that he be permitted to plead *nolo contendere* being that he was going through a divorce and wanted to avoid civil liability. (*Id.*, pp. 3-4). Petitioner's *nolo contendere* plea was freely and voluntarily entered into.

In the present case, all of petitioner's claims have been waived by his *nolo contendere* plea. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A *nolo contendere* plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed*, 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger*, 387 F. Supp. 2d at 747. By entering a *nolo contendere* plea, petitioner has waived his right to challenge the sufficiency of the evidence to convict him of these charges. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *See also U.S. v. Hawkins*, 8 Fed. Appx. 332, 334 (6th Cir. 2001). Petitioner is thus not entitled to habeas relief on his first and second claims which challenge the sufficiency of the evidence to convict him of felon in possession of a firearm. Pre-plea claims of ineffective assistance of trial counsel are likewise considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 Fed. Appx. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at the plea that he was satisfied with counsel's representation, and he did not

9

complain of counsel's advice concerning plea agreement).  In the present case, petitioner indicated at the plea hearing that he was freely entering into a plea agreement made between himself, his attorney and the office of the prosecutor. (Tr. June 8, 2009, p. 8).  Petitioner's *nolo contendere* plea forecloses any challenges to any pre-plea claims of ineffective assistance of counsel. Petitioner is not entitled to habeas relief on his third claim.

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.      CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 30, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2013.

s/Deborah Tofil
Case Manager

11